# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MIRNA RUBIDIA ARTIGA CARRERO,** | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-16-3939 |
| **CHRISTOPHER FARRELLY, et al.,** | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM & ORDER

Mirna Rubidia Artiga Carrero ("Plaintiff") filed a two-count complaint against Baltimore County Police Officer Christopher Farrelly in his individual capacity and against Baltimore County seeking declaratory relief and compensatory damages stemming from her alleged unlawful arrest in 2014. Initially, Officer Farrelly and Baltimore County were jointly represented by Baltimore County Attorney James Nolan. On December 1, 2017, the Court issued a memorandum and accompanying order disqualifying Mr. Nolan from continuing to represent Officer Farrelly due to the serious potential for—if not actual—conflict stemming from his joint representation of the County and Officer Farrelly. (ECF Nos. 47 & 48.) Now pending before the Court is a letter from Mr. Nolan suggesting that he may be able to continue to represent Officer Farrelly conflict free if the Court were to grant an as yet unfiled motion to bifurcate the proceedings against Officer Farrelly and the County. (ECF No. 53.) Although it is not clearly presented as such, the Court construes Mr. Nolan's correspondence as a motion to reconsider the Court's prior order disqualifying him from representing Officer Farrelly. The sole

ground for reconsideration offered—potential bifurcation—does not resolve the conflict identified by the Court, and therefore the request will be DENIED.

Even if the Court were to bifurcate the proceedings against Officer Farrelly from those against the County, there would still be an inherent conflict in a County attorney representing Officer Farrelly. As the Court noted in its previous memorandum and order, Officer Farrelly has arguably already been prejudiced by the arguments advanced by the County attorney on his behalf regarding the adequacy of his training. Moreover, whether tried separately or jointly, the County and Officer Farrelly continue to have adverse interests in this litigation; this conflict cannot be cured simply by having Mr. Nolan and a different County attorney offer conflicting arguments on behalf of the County in separate proceedings. Accordingly, neither Mr. Nolan nor any other County attorney may represent Officer Farrelly moving forward.

For the foregoing reasons, the request submitted by Mr. Nolan (ECF No. 53), construed as motion for reconsideration of ECF No. 48, is hereby DENIED.

DATED this 3rd day of January, 2018.

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge